UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for use and on behalf of BUILDING SPECIALTIES, a division of L & W SUPPLY CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | Civil Action No. SA-05-CA-0895-XR |
| GEMCO CONSTRUCTION, INC., VISTACON, INC., and SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Defendants. | ) | |

## ORDER

On this date, the Court considered Plaintiff's motion for default judgment against Defendant Gemco Construction, Inc ("Gemco").  For the reasons discussed below, the motion is GRANTED (Docket No. 21).  The Court will render judgment against Gemco, as a nominal party, in the amount of $12,842.98 plus costs in the amount of $254.05.  The federal post-judgment interest rate, calculated from the date of entry of judgment, will apply.  *See* 28 U.S.C. § 1961.  The appropriate pre-judgment interest rate will be determined by the Court after Plaintiff submits additional briefing by **January 8, 2007.**  After receiving this additional briefing, the Court will render judgment against Gemco, as a nominal party, on a separate document pursuant to Rule 58.

### I.  Factual and Procedural Background

Plaintiff filed its Complaint in the above numbered and styled cause on September 21, 2005. Plaintiff brought, *inter alia*, a breach of contract claim against Gemco for its alleged failure to pay

for labor and materials that Plaintiff provided for a project at Camp Bullis, San Antonio ("the Project"). Vistacon Inc. ("Vistacon") was the general contractor for the Project, and Gemco was a subcontractor. Safeco is Vistacon's surety, as required by the Miller Act. Gemco was served by certified mail addressed to its registered agent, James E. Bissuett, on November 2, 2005. Docket No. 3. Gemco did not timely answer or otherwise respond. Plaintiff moved for entry of default on December 21, 2005, and the Clerk entered default against Gemco on December 22, 2005. Docket Nos. 8 & 9. On January 11, 2006, Gemco filed a Suggestion of Bankruptcy notifying the Court that on October 14, 2005 it filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Western District of Texas, El Paso Division. Docket No. 13. On January 12, 2006, this Court issued an Order staying all proceedings in the case pursuant to the automatic stay provision of 11 U.S.C. § 362. Docket No. 14.

On June 20, 2006, United States Bankruptcy Judge Larry E. Kelly executed an "Agreed Order Lifting Automatic Stay" in Gemco's bankruptcy proceeding. Specifically, the order provided:

> It is therefore, **ORDERED** that the automatic stay is lifted so that Movant may proceed in federal court against Gemco Construction, Inc. ("Debtor"), as a nominal party, only against Vistacon, Inc. [a]nd Safeco Insurance Company of America, in case number SA-[0]5-CA-0895-XR; however Building Specialities will look solely to Safeco Insurance Company of America and Vistacon Inc. for Satisfaction of any judgment obtained in case number SA-[0]5-CA-0895-XR and this bankruptcy estate will not be liable to movant based on the outcome of that case.

Pursuant to the Bankruptcy Court's June 20 Order and Federal Rule of Civil Procedure 55, Plaintiff moved for the entry of default judgment against Gemco.

After the bankruptcy court partially lifted the automatic stay, Plaintiff filed a motion for

default judgment[1] against Gemco in the amount of $12,842.98 for contractual damages, plus pre-judgment interest at the rate of 6% per annum from April 3, 2005 until the date of judgment, attorney's fees, costs, expenses, and post-judgment interest.  On July 17, 2006, Plaintiff's motion for default judgment was denied without prejudice because Plaintiff failed to provide the necessary evidentiary support to establish the amount of damages.  The Court stated that it would allow future re-filing with proper evidentiary support for Plaintiff's claimed damages. Docket No. 17.

Vistacon and Safeco filed an objection to Plaintiff's motion for default judgment one day after the Court issued its ruling denying the motion without prejudice.  Docket No. 18.  Vistacon and Safeco argued that Plaintiff's suit against them is derivative in nature from the claims asserted against Gemco.  Vistacon and Safeco requested that any Order entered against Gemco in this case be entered so as not to impact or affect the claims alleged against and defenses raised by Vistacon and Safeco.  Since the Court denied Plaintiff's motion without prejudice, Vistacon's and Safeco's rights were not impaired by that Order.

On October 20, 2006, this Court lifted the stay to the extent defined in Bankruptcy Judge Kelly's Order.  On November 8, 2006, Plaintiff filed an amended motion for default judgment against Gemco.  Plaintiff filed two affidavits and several invoices, which stated that the balance due on the contract between Plaintiff and Gemco totaled $12,842.98.  Plaintiff also sought costs in the amount of $254.05 and pre-judgment interest at the rate of 6% per annum from April 3, 2005 until the date of judgment.  To date, Vistacon and Safeco have not responded to this motion; however, the Court

---

[1]Plaintiff titled its motion as "Motion for Entry of Default Judgment."  It is clear from the content of that motion that it is a motion for default judgment.  In the Western District of Texas, the "Motion for Entry of Default" is addressed to the clerk, and the "Motion for Default Judgment" is addressed to the Court after the clerk has entered the default.

concludes that their previous objections to the original motion for default judgment still apply. Plaintiff's proposed order states that the judgment will remain interlocutory in character until further order from this Court.

## II. Legal Analysis

Defendants' default concedes the truth of the allegations of the Complaint as to Defendants' liability, but not damages. *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524-25 (5th Cir. 2002). Federal Rule of Civil Procedure 54(c) states that "a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." FED. R. CIV. P. 54(c). Damages may ordinarily not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). When the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Although the entry of default by the Clerk on December 22, 2005 occurred after Gemco filed for bankruptcy, the Court concludes that the entry of default was subsequently validated when the bankruptcy court lifted the automatic stay. "Actions taken in violation of the bankruptcy court's automatic stay are not void, but rather they are merely voidable, because the bankruptcy court has the power to annul the automatic stay pursuant to [11 U.S.C.] section 362(d)." *Picco v. Global Marine Drilling Co.*, 900 F.3d 846, 850 (5th Cir. 1990). In *Sikes v. Global Marine, Inc.*, the plaintiff

unwittingly filed a case against the defendant in clear violation of the automatic stay, but the Fifth Circuit held that the filing was validated by the bankruptcy court's subsequent order lifting the stay for plaintiff's case to proceed.  881 F.2d 176, 179 (5th Cir. 1980).  In this case, Bankruptcy Judge Kelly intended the case to proceed against Gemco nominally in order to determine the liability, if any, of Vistacon and Safeco on Gemco's debt.

The affidavits of Sam Drugan and Mile Rievley, together with Plaintiff's invoices, establish that Gemco owes Plaintiff damages for breach of contract in the amount of $12,842.98, which represents the reasonable value of the labor and materials furnished by Plaintiff to Gemco.  A hearing is not necessary to ascertain these sum certain damages.  Although Plaintiff also asserted claims in its Complaint under the Miller Act and Prompt Pay Provisions of 31 U.S.C. § 3901, Plaintiff has not requested relief against Gemco based on those federal statutes in its motion for default judgment, and this Court is not authorized to grant relief different in kind or exceeding the amount prayed for in the demand for judgment.

Plaintiff requests $254.05 in costs.  The record indicates that Plaintiff paid a filing fee of $250.00, and Plaintiff's affidavits state that Plaintiff paid $4.05 to serve Gemco by certified mail, return receipt requested.  The Court will award Plaintiff $254.05 in costs.

The federal post-judgment interest rate, calculated from the date of entry of judgment, shall apply.  *See* 28 U.S.C. § 1961.  In contrast, state law governs the award of pre-judgment interest on this state law breach of contract claim.  *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir. 1996).  Texas law provides that the pre-judgment interest rate is equal to the post-judgment interest rate applicable at the time of judgment.  TEX. FIN. CODE § 304.103.  The Fifth Circuit has held that section 304.103 requires that  the pre-judgment interest rate should be the same

as the appropriate state post-judgment interest rate. *Harris v. Mickel*, 15 F.3d 428, 430 (5th Cir. 1994). Plaintiff requested 6% pre-judgment interest from April 3, 2005 until the date of judgment; however Plaintiff does not state in its motion for default judgment how it arrived at this percentage. Plaintiff's Complaint stated that if the Court determines that there is no violation of the Prompt Pay Provisions of 31 U.S.C. § 3901, then Plaintiff is entitled to recover legal interest on the debt under the provisions of Tex. Fin. Code § 302.002. Section 302.002 imposes a statutory 6% interest rate on "all accounts and contracts" that do not specify an interest rate but do specify a sum payable (beginning on the 30th day after the date on which the amount is due). *See Great Pines Water Co. v. Liqui-Box Corp.*, 962 F. Supp. 990, 992 n.2 (S.D. Tex. 1997). Tex. Fin. Code § 304.002 provides the state post-judgment interest rate for contracts that do specify an interest rate but do not specify a sum payable in the contract. Finally, Tex. Fin. Code § 304.003 provides the state post-judgment interest rate for contracts that do not specify the interest rate or the sum payable in the contract. Because Plaintiff has not produced a copy of the contract, the Court cannot determine whether section 302.002, section 304.002, or section 304.003 applies. Accordingly, Plaintiff is ORDERED to submit the contract and additional briefing concerning the applicable pre-judgment interest rate. In its previous objections to the original motion for default judgment, Vistacon and Safeco argued that Plaintiff has not established its entitlement to the recovery of interest from the date Gemco filed its petition in bankruptcy. Plaintiff must also address this legal issue in its briefing concerning the applicable pre-judgment interest.

The default judgment will be rendered against Gemco as a nominal party pursuant to the Bankruptcy Court's Order lifting the automatic stay. That Order stated that Plaintiff will look solely to Safeco and Vistacon for satisfaction of any judgment obtained against Gemco. Therefore, this

lawsuit will proceed to determine Safeco and Vistacon's liability, if any, on this default judgment.

### III. Conclusion

Plaintiff's motion for default judgment against Gemco is GRANTED (Docket No. 21).  The Court will render judgment against Gemco, as a nominal party, in the amount of $12,842.98 plus costs in the amount of $254.05.  The federal post-judgment interest rate, calculated from the date of entry of judgment, will apply.  *See* 28 U.S.C. § 1961.  The appropriate pre-judgment interest rate will be determined by the Court after Plaintiff submits additional briefing by **January 8, 2007.**  After receiving this additional briefing, the Court will render judgment against Gemco on a separate document pursuant to Rule 58.

It is so ORDERED.

SIGNED this 14th day of December, 2006.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE